UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CENSKE,

        Plaintiff,                          Hon. Wendell A. Miles

v.                                       Case No. 5:03 CV 171

CALHOUN COUNTY JAIL, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Judgment on Pleadings or Summary Judgment</u>. (Dkt. #34). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for dismissal or summary judgment, the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

Plaintiff initiated this action on October 29, 2003. Plaintiff's complaint was largely incomprehensible. Plaintiff appeared to assert that he was detained in the Calhoun County Jail from June 2, 1993, through September 24, 2003, during which time the conditions of his confinement violated his constitutional rights. While Plaintiff stated that he was initiating this action against: (1) Calhoun County Jail, (2) Dave Tenzeiglowski, (3) Lt. Isson, and (4) Officer Wild, Plaintiff's complaint contained absolutely no specific allegations of wrongdoing against any of these alleged Defendants.

On October 20, 2004, the Court conducted a Rule 16 scheduling conference. At this conference, the various deficiencies in Plaintiff's complaint were brought to Plaintiff's attention.

Defendants stipulated to permit Plaintiff to submit an amended complaint, in the hope that Plaintiff would more clearly articulate his claims and identify the individuals or entities allegedly responsible for the conduct giving rise to Plaintiff's action. (Dkt. #29). Pursuant to this stipulation, Plaintiff's amended complaint was filed on December 13, 2004. (Dkt. #31).

While the general nature of the claims asserted in Plaintiff's amended complaint are somewhat easier to discern, Plaintiff has failed to indicate against whom or what his action is asserted. Moreover, even if the Court assumes that Plaintiff's action is being asserted against the individuals and entities identified in Plaintiff's original complaint, Plaintiff's amended complaint makes absolutely no allegations of wrongdoing on the part of any individual or entity.

Defendants now move for the dismissal of Plaintiff's action on the ground that he has failed to state a claim upon which relief may be granted. By failing to advance any allegations of misconduct on the part of any individual or entity, Plaintiff has failed to state a claim upon which relief may be granted. *See Helfrich v. PNC Bank*, 267 F.3d 477, 480-81 (6th Cir. 2001). Accordingly, the Court recommends that Plaintiff's action be dismissed without prejudice.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Judgment on Pleadings or Summary Judgment</u>, (dkt. #34), be **granted** and Plaintiff's action dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

Date:  June 2, 2005                                       /s/ Ellen S. Carmody
                                                                   ELLEN S. CARMODY
                                                                   United States Magistrate Judge