UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A. CENSKE,

    Plaintiff,                                  Case No. 5:03-cv-171

v                                              Hon. Wendell A. Miles

CALHOUN COUNTY JAIL,
DAVE TENZIEGIOSKI - CLASSIFICATION OFFICER,
LT. ISSON - UNIT SUPERVISOR, and
MR. WILD - AD. SEG. DUTY STAFF,

    Defendants.

_____/

ORDER ON PLAINTIFF CENSKE'S
"MOTION FOR PETITION OF RECONSIDERATION"

This *pro se* civil rights action filed under 42 U.S.C. § 1983 by Michigan prisoner Thomas A. Censke is currently before the court on plaintiff's "Motion for Petition of Reconsideration" (docket no. 73) of the order dismissing plaintiff's action without prejudice.

The court DENIES the motion.

**Discussion**

Plaintiff filed his motion within 10 days after entry of the court's decision, if intervening weekends are excluded as provided by Fed.R.Civ.P. 6(a). The court may therefore view the motion as one to alter or amend under Fed.R.Civ.P. 59(e). See Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990). A district court may grant reconsideration under

Fed.R.Civ.P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice. See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999). W.D. Mich. L.Civ.R. 7.4(a) provides that a movant seeking reconsideration "shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof."

In his motion, plaintiff's only argument hinting at any possible basis for relief is that the court erred in its conclusion that plaintiff had failed to allege wrongdoing on the part of any individual or entity. Plaintiff contends that page 3 of his amended pleading (docket no. 31) identifies numerous defendants by name. However, although the court file obviously contains plaintiff's amended pleading, the pleading as filed with the court contains no such page identifying any defendants by name. Assuming that plaintiff ever intended to supply allegations naming specific defendants and the commission of specific wrongs, it is apparent that he has failed to do so.

The remainder of plaintiff's motion identifies no specific grounds for relief from the court's order. Instead, plaintiff offers a narrative in which he spews invective and law. Although plaintiff attributes his difficulties in pleading at least in part to post-traumatic stress disorder which he contends affects both his memory and his ability to communicate, plaintiff was given the opportunity to amend his pleading. In addition, it is noted that plaintiff's alleged difficulties

have not prevented him from filing numerous civil actions within this district in the past two years. In any event, the court's dismissal of plaintiff's action is without prejudice and does not prevent him from re-filing an action alleging wrongs by specific defendants.

## CONCLUSION

Plaintiff has not convinced the court that it erred in dismissing this action without prejudice. The court therefore **DENIES** plaintiffs' motion for reconsideration.

So ordered this 13th day of October, 2005.

       /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge