UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A. CENSKE,

    Plaintiff,                                      Case No. 5:03-cv-171

v                                                      Hon. Wendell A. Miles

CALHOUN COUNTY JAIL,
DAVE TENZIEGIOSKI - CLASSIFICATION OFFICER,
LT. ISSON - UNIT SUPERVISOR, and
MR. WILD - AD. SEG. DUTY STAFF,

    Defendants.

_____/

ORDER ON PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 60(b)

       This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Michigan prisoner Thomas A. Censke.[1] On June 2, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that a motion for judgment on the pleadings or for summary judgment filed by defendants be granted. On July 28, 2005, the court entered an order adopting the R & R, dismissing the complaint without prejudice in its entirety. Plaintiff filed an appeal to the United States Court of Appeals for the Sixth Circuit. On June 8, 2006, that court issued an order affirming the dismissal. Plaintiff then filed a petition for certiorari in the United States Supreme Court. On November 6, 2006, the Supreme Court entered an order denying his petition.

---

      [1]Since 2003, Censke has filed no less than 18 civil cases in this district.

The matter is now currently before the court on a motion by plaintiff captioned "R.60(b) - New Evidence, Facts and Law Reconsideration Motion" (docket no. 97). For the following reasons, the motion is DENIED.

## Discussion

Plaintiff invokes Fed.R.Civ.P. 60(b) as a basis for relief. This rule provides as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Plaintiff refers to "new facts" as a basis for his motion. This is a clear reference to newly discovered evidence, which may provide grounds for relief from a final order under Rule

60(b)(2).  However, Fed.R.Civ.P. 60(b) clearly provides that a motion under clauses (1) through (3) of the rule shall be made "not more than one year after the judgment, order, or proceeding was entered or taken."  Therefore, motions filed under Fed.R.Civ.P. 60(b)(2) must be brought within one year after entry of the order or judgment.  Kalamazoo River Study Group v. Rockwell Int'l Corp., 355 F.3d 574, 588-589 (6th Cir.  2004); see McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir. 1991) (motion made more than one year after judgment may not be granted on grounds listed under 60(b)(1), (2), or (3)).  Pursuit of an appeal does not affect the time in which a party must file a motion under Rule 60(b).  McDowell, 931 F.2d at 383.  In addition, Fed.R.Civ.P. 6(b) provides the court with no discretion to extend the one-year time period contained in Rule 60(b).[2]  Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 -1333 (6th Cir. 1985).

　　　Because the order from which plaintiff seeks relief was entered nearly two years ago, because plaintiff's appeals did not operate to extend the one-year time period applicable to motions under Rule 60(b)(2), and because the court does not have the discretion to extend the one-year time period, plaintiff's motion for relief based on newly discovered evidence is untimely.  However, because plaintiff also cites "new" law as a basis for relief, the court will also consider his motion as one for relief based on "any other reason justifying relief from the operation" of the court's order of dismissal under Rule 60(b)(6).

　　　Motions filed under Rule 60(b)(6) must be filed "within a reasonable time" after entry of the order from which relief is sought; there is no specific time limitation on such motions.

---

[2]Fed.R.Civ.P. 6(b) expressly provides that the court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them."

Although plaintiff relies in part on "new" law in support of his motion, he points specifically to no law decided after the court ruled on his case. Instead, he appears only to supplement arguments he has already made, relying on law which is not new. Under the circumstances, plaintiff has not filed his motion within a reasonable time, and he is now precluded from doing so.

However, even if plaintiff had filed a timely motion under Rule 60(b)(6), the court would deny the relief sought. The Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). Claims of legal error fall under the category of "mistake" under Rule 60(b)(1) and are thus not cognizable under Rule 60(b)(6) absent exceptional circumstances. Id. Plaintiff had the opportunity to appeal, and he exercised that right. Moreover, because the dismissal was without prejudice, he remained free to re-file his claims subject only to the constraints imposed by any applicable limitations periods. In short, this case does not present exceptional or extraordinary circumstances which warrant relief under Rule 60(b)(6).

**Motion denied.**

So ordered this 17th day of July, 2007.

 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge