UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A. CENSKE,

    Plaintiff,                                            Case No. 5:03-cv-171

v                                                                  Hon. Wendell A. Miles

CALHOUN COUNTY JAIL,
DAVE TENZIEGIOSKI - CLASSIFICATION OFFICER,
LT. ISSON - UNIT SUPERVISOR, and
MR. WILD - AD. SEG. DUTY STAFF,

    Defendants.
_____/

ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION
AND TO SEAL

      This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Michigan prisoner Thomas A. Censke, a frequent filer in this district.[1] On June 2, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that a motion for judgment on the pleadings or for summary judgment filed by defendants be granted. On July 28, 2005, the court entered an order adopting the R & R, dismissing the complaint without prejudice in its entirety. Plaintiff filed an appeal to the United States Court of Appeals for the Sixth Circuit. On June 8, 2006, that court issued an order affirming the dismissal. Plaintiff then filed a petition for certiorari in the United States Supreme Court. On November 6, 2006, the Supreme Court entered an order denying his petition. On July 5, 2007, plaintiff filed a

---

[1] Since 2003, Censke has filed no less than 18 civil cases in this district.

motion for relief under Fed.R.Civ.P. 60(b).  On July 17, 2007, the court entered an order denying that motion.

The matter is now currently before the court on two additional motions by plaintiff, captioned "Motion to Reconsider" (docket no. 101) and "Motion to Comply with Rule 10.7 LCR and FRE 501 and Seal All Records" (docket no. 103).  For the following reasons, the motions are DENIED.

### Discussion

In his Motion to Reconsider, plaintiff asks the court to reconsider its July 17, 2007 Order denying as untimely his motion for relief under Fed.R.Civ.P. 60(b).  Plaintiff appears to assess that his Rule 60(b) motion should have been considered timely because (1) his previous attempts to file such a motion were rejected; (2) such a motion was granted in another case, Hadix v. Caruso, 461 F. Supp.2d 574  (W. D. Mich. 2006); and (3) the statute of limitations might now have run on his claims, which were dismissed without prejudice.

None of plaintiff's asserted justifications warrants reconsideration of the court's order denying his Rule 60(b) motion.  Plaintiff's previous attempts to seek relief did not operate to extend Rule 60(b)'s time limit.  In addition, any equitable considerations which may have justified relief in Hadix, 461 F. Supp.2d at 589, are not present here.  Finally, relief from dismissal is not justified simply because plaintiff has apparently allowed the limitations period to run on his claims.[2]

---

[2]Plaintiff also argues that the court never ruled on a filing which he made on June 7, 2006 (docket no. 84).  It is not known how this filing, captioned "Notice of Intent Impose Rule 11
(continued...)

In his motion to seal, plaintiff appears to ask the court to seal, for privacy reasons, records maintained by the United States Court of Appeals for the Sixth Circuit in an appeal filed in this case and records maintained by this court in another case filed by plaintiff in this district, Censke v. Clinton County Sheriff Dept., No. 5:04cv107 (Enslen, J.).  Although the court has already issued an order (docket no. 94) sealing a specific record contained in the file of this case, the court is not in a position to order an appellate court how to maintain its own records.  Therefore, to the extent that plaintiff believes that records allegedly maintained by the appellate court should be sealed, he should direct his request to that court.  In addition, as for any district court records purportedly contained within the file of a case not assigned to this judge, the court is also not in position to rule on such matters; plaintiff should direct any motion in such a case to the district judge to whom the case is assigned.  (Any such motion should of course bear the case number and caption of that case.)

**Motions denied.**

So ordered this 13th day of August, 2007.

>      /s/ Wendell A. Miles
> Wendell A. Miles, Senior Judge

---

[2](...continued)
Sanction [sic]," relates to plaintiff's current request for reconsideration.  Plaintiff's June 7, 2006 "Notice" was not a motion or other request for relief; it merely served as notice that plaintiff intended to file a motion for sanctions under Fed.R.Civ.P. 11.  Plaintiff never in fact followed up by filing such a motion.  Therefore, there was nothing on which the court was required to rule.